## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

LARRY AUBREY HENSON, )
)
  Plaintiff/Appellant, )  Shelby Circuit No. 79501
)
v. )
)
ELIZABETH ELLEN SORRELL, )  Appeal No. 02A01-9711-CV-00291
)
  Defendant/Appellee. )

**FILED**

**January 8, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

## SEPARATE CONCURRENCE AND DISSENT

I write separately only to indicate disagreement with an inference that may be drawn from the majority opinion. The last sentence in the opinion states that a party such as Henson may recover damages immediately flowing from the wrongful conduct, as in *Smith v. Gore*, 728 S.W.2d 738 (Tenn. 1987). As noted in the majority opinion, the plaintiff mother in *Smith* was permitted to recover in a medical malpractice action for damages immediately related to pregnancy and childbirth.

To the extent that it may be inferred from this that Henson could recover from Sorrell damages for any payments Hanson made related to Sorrell's pregnancy and childbirth, based on common law tort claims, I disagree. *Smith*, of course, was a medical malpractice action against a physician and a hospital. The case at bar is a claim by one parent against the other. Payment of expenses for pregnancy and childbirth are addressed in Tennessee Code Annotated § 36-2-311(a)(13), which provides:

> (a) Upon establishing parentage, the court shall make an order declaring the father of the child. This order <u>shall include</u> the following:
>
>        \* \* \*
>
> (13) Determination of liability for a mother's reasonable expenses for her pregnancy, confinement and recovery to either or both parties. . . .

Tenn. Code Ann. § 36-2-311(a)(13) (Supp. 1998) (emphasis added). In an action between the mother and father, as opposed to a medical malpractice action such as *Smith*, the comprehensive statutory scheme specifically addresses the liability of the parents for these expenses, and "[a]pplication of general common law principles of tort recovery is not appropriate . . . ." *Smith*, 728 S.W.2d at 751.

The majority opinion distinguishes between the parents' obligation of child support and the assessment of medical expenses associated with pregnancy and childbirth, noting that child support is "an obligation owed to the child" and characterizing medical expenses for pregnancy and childbirth as "obligations incurred, not by the child, but by the party involved, "namely, the mother. However, medical treatment associated with pregnancy and childbirth is treatment of the child as well as the mother. Medical treatment of the child *in utero* and in childbirth, while critical to the child's health and well-being, is not covered by the statutory requirement of child support. Undoubtedly this is the reason the Legislature mandated that parentage orders include a determination of the parents' respective liability for these expenses. Since the Legislature requires the court to allocate liability for these expenses pursuant to Section 36-2-311(a)(13), I believe that this would supplant one parent's common law tort claim against the other parent for payment of such expenses.

Therefore, to the extent that it may be inferred from the majority opinion that Henson could state a claim under common law tort theories to recover from Sorrell any payments he was required to make related to Sorrell's pregnancy and childbirth, I dissent. I fully concur with the remainder of the majority opinion.


_____
_____HOLLY KIRBY LILLARD, J.

2